Commonwealth *v.* Chilengarian, Appellant.

Argued June 9, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph C. Santaguida,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAULDING, J., September 11, 1969:

This is an appeal by Michael Chilengarian, appellant, from a judgment of sentence entered May 20, 1968, by Judge LEVIN of the Court of Quarter Sessions, Philadelphia County. Appellant, with a codefendant, Dominick DiFerdinando, was tried without a jury.

On August 12, 1966, appellant and DiFerdinando were arrested by the Pennsylvania State Police after searches made pursuant to warrants issued on that day. State Police Officer Joseph C. Price prepared the affidavit sections of the search warrants and presented them to a Justice of the Peace. The affidavits

stated that on August 10, 1966, a Mrs. Lea Lindberg called his office, identified herself as an assistant housekeeper at the Holiday Inn Motel in Media, and in cleaning Room 301 she noticed a substance in the ashtray which smelled unusual. The officer took possession of the substance, and had it sent to the State Police Laboratory where an analysis revealed that the ash contained marijuana. The motel register disclosed the make, year, license number, and drivers of a gold colored automobile which Mrs. Lindberg had told the officer she had seen appellant and DiFerdinando driving. The Justice of the Peace then issued search warrants for Room 301 and for the 1966 gold Mercury sedan.

A search of the room and of the car revealed no narcotics, but in the trunk of the car, the officers found three fur coats with the price tags still attached. After a check with Philadelphia police disclosed that the furs were stolen, another warrant was obtained, the furs were seized, and appellant and DiFerdinando were arrested on the instant charges.

Appellant argues that the information presented to the Justice of the Peace in support of the original warrants for the automobile and the room were insufficient under the test of *Aguilar v. Texas,* 378 U.S. 108 (1964). *Aguilar* as explained by *Spinelli v. U.S.,* 393 U.S. 410, 37 L.W. 4110 (1969), indicates that before a magistrate may make a finding of probable cause he must be shown the source of the officer's information, that the source or informant is a reliable one, how the evidence came to the informant, and what independent first hand corroborative facts the officers have which suggest that a crime has been committed. Opinion in support of affirmance, *Commonwealth v. Rowe,* 433 Pa. 14, 249 A. 2d 911 (1969).

Under all the circumstances in this case, we hold that the Justice of the Peace was provided adequate

information for independent determination of probable cause that appellant and DiFerdinando were in possession of narcotics, and that the warrants to search both their motel room and automobile were properly issued.

Appellant also alleges that there was no warrant to search the car initially, and therefore all evidence discovered in the car was seized improperly. This allegation is completely contradicted by the record, which contains a copy of the search warrant for the car dated August 12, 1966. Since the officers were acting consistent with the warrant authorizing the search of the car for narcotics they were not required to ignore evidence of another crime. The three fur coats found in the car were properly admitted into evidence.

We find that the court below was correct in denying appellant's motion for a new trial.

The judgment of sentence is affirmed.