Commonwealth *v.* Williams, Appellant.

Submitted April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Dean* and *Sallie Ann Radick,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., June 22, 1971:

Jack Williams was found guilty on two charges of illegal possession of narcotics, arising out of searches of his living quarters on two separate occasions. Williams was living on Jacksonia Street in Pittsburgh when the first search was conducted on February 20, 1969. The second search was on April 17th of the same year at his then residence on Broad Street in Pittsburgh. On both occasions, narcotics were found.

Pittsburgh police suspected the defendant of possessing and selling drugs from his home. On the evening of February 20, 1969, while conducting a surveillance of defendant's house the police saw a 17-year-old boy come out of the house. They stopped and searched him, finding a quantity of marijuana. At the police station the lad gave the police a statement naming Williams as the seller of the drugs. On the basis of the drugs they had seized and the youth's statement, police obtained a warrant for the search of defendant's home. The search led to the first charge of possession against Williams.

Defendant claims that the police had no probable cause to stop and search the youth while he was leaving defendant's home and that the lack of probable cause invalidated the warrant which was subsequently issued for the search of his home. Defendant claims that evidence secured by police pursuant to the warrant was "fruit of the poisonous tree", citing *Wong Sun v. U. S.,* 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).[1]

---

[1] The record, as submitted to this court, makes it unclear whether this claim was ever properly raised in the lower court. For purposes of this appeal, we will resolve the doubt in favor of appellant and assume that it was raised at the proper times below.

In our opinion, the search of the 17-year-old boy is irrelevant to this appeal, because Jack Williams obviously lacks any standing to challenge the police actions regarding the boy. In *Jones v. United States*, 362 U.S. 257, 80 S. Ct. 725, 4 L. Ed. 2d 697, 78 A.L.R. 2d 233 (1960), cert. denied, after remand 371 U.S. 852, 83 S. Ct. 73, 9 L. Ed. 2d 88 (1962), Justice FRANKFURTER stated that in order to have standing to challenge a search and seizure ". . . one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." 362 U.S. at 261, 80 S. Ct. at 731, 4 L. Ed. 2d at 702. Williams is clearly in the latter category, lacks the proper standing, and his claims must be rejected.

Defendant argues that his second conviction must be invalidated because the magistrate issued the search warrant without having sufficient information to establish probable cause. He says that the drugs seized pursuant to this warrant, issued on April 16, 1969, were improperly admitted into evidence and should have been suppressed. This claim clearly lacks any foundation. The issuing magistrate was told that the police first received their lead from an informant who had been proved reliable in the past. This reliability was demonstrated when the magistrate was given a list of other tips provided by the same informant which had led to arrests of persons whose names were submitted to the magistrate and to confiscations by police of various narcotics in the past. Furthermore, the magistrate was advised that the basis of the informant's belief (that Williams possessed narcotics) was the fact that the informant had seen the defendant carrying a large

quantity of marijuana into the Broad Street address three days earlier. If this were not enough, the magistrate further learned that the policeman seeking the warrant personally observed defendant entering and leaving those premises and that Williams was also subject to an arrest warrant issued in connection with a prior drug investigation in which he could not be found! The magistrate certainly had sufficient information to find probable cause existed and to issue the warrant which led to Williams' second conviction. See *Spinelli v. United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); and *Commonwealth v. Chilengarian,* 215 Pa. Superior Ct. 112, 257 A. 2d 279 (1969).

Both convictions are affirmed.