**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny Erroll JOHNSON,
Defendant-Appellant.**

**No. 71-2446.**

United States Court of Appeals,
Ninth Circuit.

Jan. 26, 1972.

Charles T. McCutcheon, San Diego, Cal., for defendant-appellant.

Harry Steward, U. S. Atty., Donald F. Shanahan, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Johnson appeals from his conviction for violations of 21 U.S.C. § 174. He makes five contentions on appeal: The district court erred in denying his motion to suppress heroin seized during a body cavity search of his accomplice Lewis; (2) the uncorroborated testimony of Lewis was insufficient to sustain his conviction; (3) there was plain error in permitting a lawyer, who had pre-

viously represented Johnson, to represent Lewis; (4) trial counsel's failure to call certain witnesses who might have testified on his behalf was plain error; and (5) there was plain error in the district court's failure to order a medical examination of Johnson to determine whether or not he was competent to stand trial.

■ Johnson did not have standing to challenge the legality of the search of Lewis' body cavity, and the district court correctly rejected his motion to suppress. (Diaz-Rosendo v. United States (9th Cir. en banc 1966) 357 F.2d 124, cert. denied, 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83.)

■ The rule of this Circuit is that a conviction can be based upon the uncorroborated testimony of an accomplice. (E. g., Suhl v. United States (9th Cir. 1968) 390 F.2d 547, cert. denied, 391 U.S. 964, 88 S.Ct. 2035, 20 L.Ed.2d 879.)

■ Attorney Goodwin was appointed to represent Johnson before he was indicted. Three days after the appointment, a magistrate approved the substitution of a new attorney for Johnson. One week before trial, Lewis retained Goodwin in place of her prior lawyer. The trials of Lewis and Johnson were severed; thereafter, Lewis testified against Johnson. No objection to Goodwin's representation of Lewis was raised during the pretrial and trial proceedings. Johnson now claims that the district court committed plain error in failing *sua sponte* to relieve Goodwin. He points to nothing in the record tending to prove that he was prejudiced in any way by Goodwin's representation of Lewis. While we cannot condone the appearance of a conflict of interest by counsel, in the absence of a showing of prejudice Johnson cannot invoke the protection of the plain error doctrine. (Kruchten v. Eyman (9th Cir. 1969) 406 F.2d 304.)

■ There was evidence that at least two persons other than Johnson and Lewis may have been involved in the heroin smuggling. In a supplemental brief, Johnson questions the adequacy of his representation at trial based on the failure of his lawyer to call these two persons as witnesses. Nothing on the face of the record before us indicates that the witnesses, if called, would have produced evidence favorable to Johnson. The claim that counsel was inadequate is not sustained by the record. (United States v. Porter (9th Cir. 1970) 431 F. 2d 7, cert. denied, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269; United States v. Johnson (9th Cir. 1970) 434 F.2d 827.)

■ During the first day of trial, court and counsel met in chambers. The court asked defense counsel if Johnson was then under the influence of narcotics because the court had observed that Johnson was exhibiting some signs of withdrawal sickness. Counsel told the court that he had been dealing with Johnson for over six months, that he had seen him "pretty well smashed," and that in his opinion, Johnson was not then under the influence of heroin, but, he added, "I wouldn't say that if you ran a test you wouldn't find it." The court said, "When you are starting the cross-examination, I will have a further opportunity to observe him, and if I have any doubt in my mind as to whether he is under the influence of narcotics, I will decide it then." The court interrogated Johnson when cross-examination was completed. Johnson told the court that he had had a "fix" three days earlier. The court then asked, "You feel there is no effect of that today?" Johnson replied, "I feel real sober. I feel sober and well-balanced." The trial was concluded without further mention of Johnson's capacity to stand trial.

Johnson argues that the court had "reasonable cause" to believe that he was mentally incompetent to stand trial and that the court therefore had a duty to order him examined by a medical expert pursuant to 18 U.S.C. § 4244. Assuming, without deciding, that section 4244 is applicable, the district court impliedly found as a matter of fact that such cause did not exist, and there is ev-

idence to support the finding. We cannot say as a matter of law from this record that there was reasonable cause to believe that Johnson could not assist in his own defense or understand the proceedings against him.

The judgment is affirmed.