Opinion by
 

 Hoffman, J.,
 

 This is an appeal from appellant’s conviction for the unlawful possession of narcotic drugs. Appellant contends that his motion to suppress the evidence used against him was improperly denied.
 

 At the suppression hearing on appellant’s motion and again at trial, the arresting police officer testified that on May 18, 1970, he and another officer were assigned to the Philadelphia Highway Patrol. At approximately 11:15 a.m. on that date, the officers were patrolling south on 23rd Street on motorcycles when they observed appellant step from an alcove in the rear of a three story brick building at 2301 Green Street with a brown paper bag in his hand. Appellant looked towards the police officers and then stepped back into the alcove. The officers then turned and came back. As the officers were returning to 2301 Green Street, they noticed a Cadillac parked directly across the street from the alcove. The officers observed the appellant’s co-defendant, Deramus Knowles, behind the wheel of the Cadillac, slide down into the seat approximately eye level with the steering wheel. One of the officers then parked his motorcycle directly in front of the Cadillac and observed appellant again coming out of the alcove across the street. The officer approached Knowles in the Cadillac and asked him what he was doing. Knowles stated that he was waiting for the man across the street, referring to appellant. The offi
 
 *205
 
 cer called to appellant to come over, and when he approached the officers, he was asked if he lived there. Appellant stated that he did not live there; that he lived at 7th and Melon Streets. The officer testified at trial that he investigated appellant and Knowles because the actions of the two men caused him to suspect that they were committing a burglary.
 

 After appellant answered that he did not live in the residence at 2301 Green Street, the officer decided to frisk him “for our protection, being as he did put this [small paper bag which he was carrying] up under his arm.” When the officer asked appellant to place his hands on the automobile, appellant stepped back a couple of steps and turned to go. Appellant was then seized from behind by the other officer. A struggle occurred for the bag under appellant’s arm. The officer testified that the bag was a small paper lunch bag, folded over, and very hard. The officer opened the bag to see if it contained a weapon, and discovered several bundles of glazed packets containing a white powder. The officer then placed both defendants under arrest, and told Knowles to get out of the Cadillac and place his hands on the top of the car. The officer frisked Knowles, and then handcuffed him. As the officer pulled Knowles’ right hand from the top of the car, Knowles left a cigarette packet and a folded dollar bill on the car roof. When the officer picked up the dollar bill, white powder came out of it, and upon opening the dollar bill the officer discovered a packet of white powder.
 

 A search of appellant at the scene of the arrest produced a set of keys and a Bell Telephone receipt with the address 2301 Green Street on it. These were not confiscated, and were later found discarded in the patrol wagon which transported the defendants to the police station. The arresting officer then contacted the narcotics squad, and an officer with the narcotics squad
 
 *206
 
 obtained a search warrant for 2301 Green Street. A search of that residence produced a
 
 brown
 
 paper
 
 bag
 
 containing narcotics, and a gray strongbox which was unlocked with a key from the set of keys taken from the Cadillac, in which. Knowles had been sitting at the time of his arrest. The strongbox contained narcotics. One half of a playing card, the deuce of diamonds, was found on top of the strongbox at the time of the search. The Commonwealth’s testimony at trial established that the keys taken from the Cadillac also opened the door to the residence at 2301 Green Street. The information caused the police to obtain a warrant for a search of Knowles’ residence at 5922 North 19th Street. That search did not produce any narcotics, but the other half of the deuce of diamonds found at 2301 Green Street was found on the top of a bedroom dresser at 5922 North 19th Street.
 

 Appellant contends that the evidence' introduced at his trial was the product of an illegal “stop and frisk” and should, therefore, have been suppressed. The precise question presented in this appeal is whether a police officer’s observance of facts indicating avoidance of contact coupled with the Suspect’s possession of a closed small paper bag constitutes a sufficient basis for a “stop and frisk.”
 

 In
 
 Commonwealth v. Berrios,
 
 437 Pa. 338, 340, 263 A. 2d 342 (1970), our Supreme Court stated that “[a] polieeman may legally stop a person and question him. [footnote omitted] But he may not without a warrant restrain that person from walking away and ‘search’ his clothing, [footnote omitted] unless he has ‘probable cause’ to arrest that person or he observes such unusual and suspicious conduct on the part of the person who is stopped and searched that the policeman may reasonably conclude that criminal activity may be afoot, and that the person with whom he is dealing
 
 *207
 
 may be armed and dangerous. Terry v. Ohio, [392 U.S. 1] infra n. 3; Commonwealth v. Hides, 434 Pa. 153, 253 A. 2d 276 (1969).” A search on the basis that the police officer reasonably concluded that criminal activity was afoot and that the suspect was armed and dangerous “is justified only when
 
 ‘a
 
 reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger’: Terry v. Ohio, supra at 27, 88 S. Ct. at 1883. In other words, the sole justification for such a search is the protection of the police officer or others nearby. Moreover, the arresting officer must be able
 
 ‘to
 
 point to particular facts from which he reasonably inferred that the individual was armed and dangerous.’ Sibron v. New York, 392 U.S. 40, 64, 88 S. Ct. 1889, 1903 (1968). Good faith on the part of the officer, in itself, is not enough: Terry v. Ohio, supra n. 3.”
 
 Commonwealth v. Berrios,
 
 supra at 341.
 

 In the instant case the facts observed by the police officer were not a sufficient basis upon which to conduct a “stop and frisk” of appellant. There are clearly no facts present in this case which would justify a belief that appellant was armed and dangerous. Appellant did not run and came over to the police officers when called by them. Carrying a lunch bag is not a circumstance which would permit an inference that the bag contained a weapon. The circumstances here would at most justify investigative questioning. See
 
 Commonwealth v. Massie,
 
 221 Pa. Superior Ct. 453, 292 A. 2d 598 (1972) (Opinion by Cercone, J.).
 

 Furthermore, it should be noted that even if a stop and frisk search would have been permissible in the present case, it is doubtful that the police officers could have looked in the bag that appellant was carrying. Cf.
 
 Commonwealth v. Freeman,
 
 222 Pa. Superior Ct. 178, 293 A. 2d 84 (1972) (Opinion by Packer, J.).
 

 
 *208
 
 The Commonwealth admits in its brief that if the stop and frisk of appellant were unconstitutional, the evidence found in the paper bag and the evidence abandoned in the patrol wagon which transported the defendants to the police station would have to be suppressed.
 
 Wong Sun v. United States,
 
 371 U.S. 471 (1963). The Commonwealth argues, however, that the search warrant obtained for the search of the premises at 2301 Green Street was valid. This warrant was predicated upon the illegally seized evidence which the Commonwealth admits should have been suppressed if there was no justification for a stop and frisk of appellant.
 

 The inclusion of illegally obtained evidence in an affidavit for a search warrant will invalidate the warrant where that evidence is necessary to a finding that the warrant was issued upon probable cause.
 
 United States v. Sterling,
 
 369 F. 2d 799 (3d Cir. 1966); see
 
 United States v. Nelson,
 
 458 F. 2d 556 (5th Cir. 1972). It is not necessary, however, to rely on the invalidity of the warrant to hold that the evidence discovered at 2301 Green Street was illegally seized. In
 
 Wong Sun v. United States,
 
 supra, it was held that evidence which was come at by the exploitation of illegality rather than by means sufficiently distinguishable to be purged of taint is “fruit of the poisonous tree” and must be suppressed. Here the time lapse between the illegal stop and frisk and the various seizures in the case was exceptionally short. Within thirty minutes of appellant’s arrest the Green Street search warrant had been obtained, and the officers had proceeded to Green Street to conduct the search in appellant’s presence. The Commonwealth has shown no “attenuation” between the illegal stop and frisk and the search of appellant’s residence, nor has it shown an independent origin for the evidence found in the apartment.
 

 
 *209
 
 For the above reasons we hold that appellant’s motion to suppress should have been granted, and the failure to grant that motion is reversible error entitling appellant to a new trial.
 

 Weight, P. J., and Watkins, J., dissent.