Commonwealth *v.* Johnson, Appellant.

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Anne Johnson* and *Jonathan Miller,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 26, 1973:

We granted allocatur solely to consider appellant's claim that *Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969), announced a new right which entitles him to relief. We conclude that *Hicks* effected no transformation in Pennsylvania law and that the Superior Court correctly articulated the legal principles governing stops and frisks.

Appellant, James Johnson, was convicted in 1966 of burglary, larceny, and receiving stolen goods. The Superior Court affirmed without opinion, *Commonwealth v. Johnson,* 209 Pa. Superior Ct. 755, 229 A.2d 12 (1967), and no further appeal was taken. In 1968 appellant commenced this PCHA action.[1] The issue, the propriety of appellant's detention and arrest, was presented to the PCHA court as a question of law. Relief was denied and the Superior Court affirmed in an opinionless per curiam order. *Commonwealth v. Johnson,* 220 Pa. Superior Ct. 381, 286 A. 2d 400 (1971) (HOFFMAN, J., filed a dissenting opinion in which SPAULDING, J., joined).

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §§1-14, 19 P.S. §§1180-1 to -14 (Supp. 1973).

In a post conviction proceeding a petitioner may raise, inter alia, any issue entitling him to relief if he proves abridgement of "a right that was not recognized as existing at the time of the trial if the constitution requires retrospective application of that right . . . ." Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §3(c)(12), 19 P.S. §1180-3(c)(12) (Supp. 1973). Appellant maintains that *Commonwealth v. Hicks* represents a change in the law of this Commonwealth and recognizes a new constitutional right. We cannot agree. A careful review of this Court's *Hicks* opinion[2] and that of the Superior Court[3] reveals that no change in the law resulted from our reversal of the Superior Court's order. The legal standard applied by this Court in 1969 and the Superior Court in 1966 was the same. The difference in result was solely due to the application of that test to the facts.

Hicks was stopped by an officer who had received a report of burglary and a description of the burglar. At the time of the stop Hicks, who did not fit the description, was five blocks from the scene of the crime. A frisk produced a penknife with a three inch blade. Hicks was arrested, charged with burglary, and subsequently convicted.

Affirming Hick's conviction, the Superior Court[4] acknowledged that Pennsylvania law permits a thorough search only incident to an arrest made upon probable cause, *Commonwealth v. Negri*, 414 Pa. 21, 198 A.2d 595 (1964); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304, cert. denied, 375 U.S. 910, 84 S. Ct.

---

[2] *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969).

[3] *Commonwealth v. Hicks*, 209 Pa. Superior Ct. 1, 223 A.2d 873 (1966).

[4] The Superior Court's opinion in *Hicks* was filed on November 17, 1966, nearly five months prior to that court's affirmance of appellant Johnson's conviction on direct appeal.

204 (1963), but allows a stop for questioning, short of arrest, upon reasonable belief that the suspect has committed a crime. "In justifying the policeman's right to question and detain it is the reasonableness of the officer's suspicion that is determinative . . . ." *Commonwealth v. Hicks*, 209 Pa. Superior Ct. 1, 6, 223 A.2d 873, 876 (1966). Moreover, the Superior Court reasoned that a frisk following a stop was justified if based on the officer's personal regard for safety. Id. Our Superior Court expressly adopted the reasoning of *State v. Terry*, 5 Ohio App. 2d 122, 214 N.E.2d 114 (1966), aff'd, 392 U.S. 1, 88 S. Ct. 1868 (1968), and *United States v. Thomas*, 250 F. Supp. 771 (S.D.N.Y. (1966)).

In reversing the Superior Court, we did not disagree with that court's articulation of the Pennsylvania law of stop and frisk. We merely differed as to the application of that law to the particular facts. Indeed, the test used by this Court in *Hicks* was identical to that employed by the Superior Court.[5] "[E]ven if probable cause to arrest is absent, the police officer may still legitimately seize a person, such as Hicks was seized in this case, and conduct a limited search of the individual's outer clothing in an attempt to discover the presence of weapons which might be used to endanger the safety of the police officer and others, *if* the police officer observes unusual and suspicious conduct on the part of the individual seized which leads him reasonably to conclude that criminal activity may be afoot and that the person with whom he is dealing may be armed and dangerous." 434 Pa. at 158-59, 253 A.2d at 279 (footnote omitted).

---

[5] The Superior Court in *Hicks* based its decision on the rationale of *State v. Terry*, 5 Ohio App. 2d 122, 214 N.E. 2d 114 (1966), while we applied the same reasoning as later enunciated in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968). Therefore, it is evident that no change in the law occurred as a result of *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969).

That our decision in *Commonwealth v. Hicks* represents simply an application of existing law cannot be denied. It is clear that no new right was there recognized. In the absence of a newly-declared constitutional right, appellant may not relitigate the constitutionality of his stop and frisk. PCHA, §§3(c)(12), (d), 19 P.S. §§1180-3(c)(12), (d).

Order affirmed.