## Commonwealth *v.* Boyer, Appellant.

Argued November 28, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Thomas A. Ehrgood,* with him *Ehrgood & Ehrgood,* for appellant.

*David J. Brightbill,* Assistant District Attorney, with him *George E. Christianson,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 24, 1974:

Appellant, Larry Lee Boyer, was tried by a judge sitting without a jury, and found guilty of possession of narcotics. Post-trial motions were denied and appellant was sentenced to a term of two to twelve months in a correctional institution and ordered to pay a $300 fine. The trial court then granted appellant's request for a supersedeas pending his appeal. The Superior Court affirmed appellant's conviction and we granted allocatur.

The facts surrounding this appeal are as follows: On April 20, 1971, the Millcreek Township Police Depart-

ment received information that three "bohemian types" in a green automobile had been seen placing a package under a snow fence located at the intersections of State Route 419 and Township Road in Lebanon County. The chief of police and another officer, in an effort to determine what had been placed under the fence, proceeded to the location. They found nothing, but while searching for the package, appellant drove past the police in his red and white automobile. The chief of the Millcreek police, who was the only person to testify at appellant's suppression hearing, stated that as appellant drove past him, he gave him an "unusual look." Due to this look, the officers gave chase and stopped appellant's vehicle. By means of a bullhorn, the police then ordered appellant from his automobile. The chief of police, with his hand on his weapon, then approached appellant and requested identification papers, which were produced by appellant. Then, according to the police chief, appellant insisted that his trunk be searched. This search revealed nothing and appellant was allowed to return to his vehicle. As appellant was about to depart the scene, the police observed a console in the front seat of his vehicle and asked appellant if he would mind if they took a look at the console. Appellant allowed the police to look in the console and they observed what they believed to be drug paraphernalia. At this point, the police chief obtained a warrant for appellant's vehicle and discovered certain narcotic substances, which led to his narcotics conviction.

Appellant argues that the evidence should have been suppressed, since the search of his automobile was conducted without probable cause. We agree. The only fact upon which the police could rely to establish probable cause was the "unusual look" the appellant gave the police as he drove past them. Such a look, without more, could not establish probable cause for a search.

See *Draper v. United States,* 385 U.S. 307, 79 S. Ct. 329 (1959), *Commonwealth v. Swanger,* 453 Pa. 107, 307 A. 2d 875 (1973). Nor can the stopping of appellant's vehicle be justified under the rule laid out in *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868 (1969), since the "unusual look" given by appellant did not constitute "unusual conduct which [led the officer] reasonably to conclude in light of his experiences that criminal activity may be afoot . . . ," nor was the search of the console "a carefully limited search of the outer clothing of such persons in an attempt to discover weapons. . . ."

The Commonwealth also argues, in the alternative, that even if the stop of the appellant was illegal, the evidence they recovered was not an exploitation of that illegality because appellant voluntarily consented to the search of his automobile. While it is true that if appellant voluntarily consented to the search of his automobile, the evidence in question would be admissible, there was no such voluntary consent in this case. See *Wong Sun v. United States,* 371 U.S. 471, 83 S. Ct. 407 (1962).

Appellant was subject to the control and direction of the police from the moment his automobile was stopped. An individual, suddenly stopped and ordered out of his car by an officer with a bullhorn, is left with the strong impression that he has no right to refuse a police request that he allow his console to be searched. Moreover, when the police ask him whether "he would mind" if his console is searched, they are not informing him that he is being asked to consent to a search which cannot be conducted without his consent. Rather, considering the actions of the police in suddenly stopping his vehicle, he is left with a strong impression that the requested search will be conducted even if he states that he does not wish to have the search conducted. See *United States ex rel. Harris v. Hendricks,* 423 F. 2d 1096 (1971). The short time span between the illegal

stop and the subsequent search is further evidence that the alleged consent was not a product of appellant's independent free will. See *Commonwealth v. Pollard,* 450 Pa. 138, 299 A. 2d 233 (1973), *Commonwealth v. Rowe,* 445 Pa. 454, 282 A 2.d 319 (1971). We conclude, therefore, that the Commonwealth has not met its burden of proving that the evidence seized was not a product of an illegal search.

Judgment of sentence reversed and case remanded to the Court of Common Pleas of Lebanon County for a new trial consistent with this opinion.