327 A.2d 19
COMMONWEALTH of Pennsylvania
v.
Deramus KNOWLES, Appellant.

Supreme Court of Pennsylvania.
Argued May 3, 1974.
Decided Oct. 16, 1974.

are unhelpful and therefore superfluous and a waste of time. 7 Wigmore § 1918."

Vincent J. Ziccardi, Defender, John W. .Packel, Chief, Appeals Div., Defender Assn. of Philadelphia, Anne F. Johnson, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant Deramus Knowles and a codefendant, Thomas Meadows, were convicted of possession of narcotics [1] and each was sentenced to two to five years imprisonment. Pretrial both defendants separately filed seasonable motions to suppress; both motions were denied.

1. The Drug, Device and Cosmetic Act, Act of September 26, 1961, P.L. 1664, § 4, 35 P.S. § 780-4, as amended, The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P. L. 233, No. 64, §§ 1-44, 35 P.S. §§ 780-101 to 780-144 (Supp. 1974).

Jointly tried nonjury, both men were found guilty. Separate appeals were taken to the Superior Court. In Meadows' appeal the Superior Court held that certain evidence introduced over objection against both defendants should have been suppressed; Meadows was granted a new trial. *Commonwealth v. Meadows,* 222 Pa.Super. 202, 293 A.2d 365 (June 16, 1972). The Commonwealth did not seek an allowance of appeal.

Despite the identical circumstances of the two cases, the Superior Court six days later affirmed appellant's judgment of sentence by a per curiam opinionless order. *Commonwealth v. Knowles,* 222 Pa.Super. 706, 291 A.2d 899 (June 22, 1972). We granted appellant's petition for allowance of appeal.[2] On the basis of the Fourth Amendment to the United States Constitution and article I, section 8 of the Pennsylvania Constitution, P.S.,[3] we remand for a new trial.

Appellant while sitting behind the wheel of his car, parked on Green Street in Philadelphia, was stopped by a policeman at approximately 11:15 a. m. on May 18, 1970.[4] At trial the officer testified that he stopped appellant because his suspicion had been aroused by seeing another man across the street from appellant exit and quickly reenter a building. The officer further stated that he questioned appellant because appellant was sitting slumped down in the driver's seat. When appellant

2. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1974).

3. U.S.Const. amends. IV, XIV; Pa.Const. art. I, § 8. Our analysis of the Fourth Amendment is equally applicable to the state constitutional provision.

4. In view of our disposition we need not decide whether the stop of appellant was constitutionally permissible. See *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973); *Commonwealth v. Pegram,* 450 Pa. 590, 301 A.2d 695 (1973); *Commonwealth v. Pollard,* 450 Pa. 138, 299 A.2d 233 (1973); *Commonwealth v. Berios,* 437 Pa. 338, 263 A.2d 342 (1970); *Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969); *Commonwealth v. Clarke,* 219 Pa. Super. 340, 280 A.2d 662 (1971).

was asked what he was doing, he responded that he was waiting for Meadows, who was the man the officer had earlier noticed. At this point, Meadows was called over by the police. After a few words, the officer wrestled a paper bag from Meadows, looked inside, and discovered narcotics. Both Meadows and appellant were then arrested.[5]

So that appellant could be searched, the officer directed him to place his hands on top of the car. When the officer went to handcuff appellant, he discovered a cigarette package and a rolled-up dollar bill on top of the car where appellant's right hand had been. In the dollar bill was a minute quantity of narcotics.

A patrol wagon arrived and both appellant and Meadows were taken to police headquarters. Upon the arrestees' exit, keys and a telephone receipt were discovered in the wagon. At trial the Commonwealth established that these belonged to Meadows.

Based upon the evidence seized, the police that day obtained a search warrant for the premises on Green Street from which Meadows had been seen entering and leaving. This search revealed more narcotics.

Immediately thereafter and again only upon the evidence thus far seized, a search warrant for appellant's residence was issued. No narcotics were found there, although uncovered was some evidence circumstantially indicating that appellant had been present in the Green Street premises.

All this evidence was introduced at trial against both defendants. Each reasserted his objection to its admission at trial and in post-trial motions.

In *Commonwealth v. Meadows*, 222 Pa.Super. 202, 293 A.2d 365 (1972), the Superior Court held that the frisk

5. Our disposition also obviates the necessity of considering whether in light of *Commonwealth v. Reece*, 437 Pa. 422, 263 A. 2d 463 (1970), appellant was properly arrested for possession of narcotics held and possessed by Meadows.

of appellant's codefendant and the seizure of the paper bag did not comport with the requirements of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969).[6] Therefore, Meadows was held to be entitled to a new trial because the suppression court improperly failed to suppress the contraband seized from him on the street and the "fruits" of this unlawful seizure. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963) ;[7] *Commonwealth v. Cephas*, 447 Pa. 500, 291 A.2d 106 (1972).[8] The Superior Court held that the evidence found abandoned in the patrol wagon [9] and the contraband seized pursuant to the warrant were both "fruits" of the primary illegality.

The Commonwealth took no appeal from this decision and does not now challenge its correctness. Instead, the

6. See *Commonwealth v. Johnson*, 454 Pa. 275, 311 A.2d 650 (1973).

7. The rule enunciated in *Wong Sun* asks " 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' " *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963) (quoting J. Maguire, Evidence of Guilt 221 (1959)). See *Nardone v. United States*, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939); *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920).

8. "One must be mindful that one of the main functions to be served by excluding this testimony is to deter future violations of the Fourth Amendment and other constitutional guarantees, and to remove the profit motive from unlawful searches. If deterrence of improper police conduct is to be effective, the exclusionary rule must be strict."
447 Pa. at 510–511, 291 A.2d at 111–112 (footnote omitted).

9. The Commonwealth, quite properly, conceded this point before the Superior Court.
"The Commonwealth admits in its brief that if the stop and frisk of appellant were unconstitutional, the evidence found in the paper bag and the evidence abandoned in the patrol wagon which transported the defendants to the police station would have to be suppressed."
*Commonwealth v. Meadows*, 222 Pa.Super. 202, 208, 293 A.2d 365, 367 (1972) (Hoffman, J.).

Commonwealth's brief to this Court concedes that Meadows' Fourth Amendment rights were violated.

However, the Commonwealth attempts to justify different disposition of Meadows' and appellant's cases on the theory that the instant appellant has no standing to assert the concededly unconstitutional seizure of contraband. This position fails fully to account for *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

In *Jones,* the Supreme Court of the United States held, inter alia, that in order to have standing to assert a Fourth Amendment violation, once accused of a possessory crime is not required to assert an interest in the premises searched or the property seized. This Court has not hesitated to give effect to *Jones.* See, e. g., *Commonwealth v. Weeden,* 457 Pa. 436, 322 A.2d 343, 349–351 (1974)[10]; *Commonwealth v. Dembo,* 451 Pa. 1, 7, 301 A.2d 689, 693 (1973); *Commonwealth v. Rowe,* 433 Pa. 14, 249 A.2d 911 (1969) (Opinion in Support of Affirmance) (Eagen, J., joined by O'Brien & Roberts, JJ.); cf. *Commonwealth v. Platou,* 455 Pa. 258, 312 A.2d 29 (1973), cert. denied, 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974).

**10.** In *Commonwealth v. Weeden,* 457 Pa. 436, 322 A.2d 343, 351 (1974), Mr. Justice Eagen (joined by Jones, C. J., and Pomeroy, J.) dissented from the *Weeden* majority's application of *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). However, the dissenters made clear their "full agreement" with the following interpretation of *Jones.*
" '[W]hen, as in *Jones,* possession of the seized evidence is itself an essential element of the offense with which the defendant is charged, the Government is precluded from denying that the defendant has the requisite possessory interest to challenge the admission of the evidence [at the suppression hearing].' "
322 A.2d at 352 (concurring and dissenting opinion) (quoting *Simmons v. United States,* 390 U.S. 377, 390, 88 S.Ct. 967, 974, 19 L. Ed.2d 1247 (1968)).
Here, possession of the seized material is itself an essential element of the offense. Therefore, under the view of both the majority and the dissent in *Weeden,* the Commonwealth is precluded from denying that the defendant lacks standing.

In an opinion by Justice Frankfurter the Supreme Court explained this aspect of its decision in *Jones*.

"[W]e are persuaded by this consideration: to hold to the contrary, that is, to hold that petitioner's failure to acknowledge interest in the narcotics or the premises prevented his attack upon the search, would be to permit the Government to have the advantage of contradictory positions as a basis for conviction. Petitioner's conviction flows from his possession of the narcotics at the time of the search. Yet the fruits of that search, upon which the conviction depends, were admitted into evidence on the ground that petitioner did not have possession of the narcotics at that time. The prosecution here thus subjected the defendant to the penalties meted out to one in lawless possession while refusing him the remedies designed for one in that situation. It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government."

362 U.S. at 263–264, 80 S.Ct. at 732.[11] We, too, find this reasoning compelling.

11. Another evil sought to be remedied by the Supreme Court in *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), was that "a defendant seeking to comply with what has been the conventional standing requirement has been forced to allege facts the proof of which would tend, if indeed not be sufficient, to convict him." Id. at 261–262, 80 S.Ct. at 731. This problem was corrected in another fashion by *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). There, the Supreme Court held that

"when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection."

Id. at 394, 88 S.Ct. at 976.

Pursuant to our supervisory powers, this Court has adopted a rule giving effect to this constitutional proscription. Rule 323(h) of our Rules of Criminal Procedure, 19 P.S. Appendix, provides in pertinent part:

"The defendant may testify at such hearing [on a motion to suppress evidence obtained in violation of his constitutional rights], and, if he does so, he does not thereby waive his right to remain silent during trial."

The sole crime charged in the indictment of appellant was possession of narcotics.[12] As the Supreme Court said in *Jones,* "In cases where the indictment itself charges possession, the defendant in a very real sense is revealed as a 'person aggrieved by an unlawful search and seizure' upon a motion to suppress evidence prior to trial." 362 U.S. at 264, 80 S.Ct. at 732–733.[13] See *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22

---

**12.** *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973), did not involve a possessory crime and the Commonwealth's reliance on it is wide of the mark. In *Brown,* the Supreme Court deemed it

"sufficient to hold that there is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) had no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure."

Id. at 229, 93 S.Ct. at 1569.

The present case is readily distinguishable. The first two elements of *Brown's* holding are irrelevant under the facts of this case. As in *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), here the Fourth Amendment violation involved an improper seizure of contraband from a person, not (as in *Brown*) an illegal search of premises. With respect to the final consideration of the *Brown* holding, an essential element (rather, the essential element) of the crime with which appellant was charged is possession. And the Supreme Court took great pains to elucidate that in *Brown* "[t]he vice of allowing the government to allege possession as part of the crime charged, and yet deny that there was possession sufficient for standing purposes, is not present." 411 U.S. at 229, 93 S.Ct. at 1569.

**13.** *Commonwealth v. Williams,* 219 Pa.Super. 109, 280 A.2d 430 (1971), is distinguishable. There, the Superior Court held that a defendant did not have standing to assert the illegality of a search of a third party, even though the narcotics seized as a result of that search provided the probable cause for the search of the defendant's apartment. The search of his apartment, pursuant to a warrant, revealed narcotics. The defendant in *Williams* was not charged with the possession of the narcotics found on the third party, and therefore did not fall within the rule of *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). Paraphrasing *Jones,* Williams' conviction did not flow from possession of the narcotics at the time of the search of the third party. 362 U.S. at 263, 80 S.Ct. at 732. Cf. *United States v. Johnson,* 454 F.2d 700 (9th Cir. 1972); *Bryson v. United States,* 136 U.S.App.D.C. 113, 419 F.2d 695 (1969) (per curiam).

L.Ed.2d 176 (1969). The appellant in this case clearly has standing to challenge the seizure of evidence found in the paper bag taken from codefendant Meadows.[14] Therefore, this evidence must be suppressed.

 Also, the narcotics recovered from the dollar bill abandoned by appellant must be suppressed as a fruit of the primary illegality. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Appellant's arrest, and the search incident thereto, were the result solely of the illegal seizure of contraband from Meadows' person. In *Commonwealth v. Pollard,* 450 Pa. 138, 299 A.2d 233 (1973), this Court unanimously held:

> "Although abandoned property may normally be obtained and used for evidentiary purposes by the police, such property may not be utilized where the abandonment is coerced by unlawful police action."

Id. at 143, 299 A.2d at 236 (footnote omitted). Here, an unlawful act—the seizure of contraband from Meadows —directly motivated the abandonment, *Commonwealth v. Jeffries,* 454 Pa. 320, 327, 311 A.2d 914, 918 (1973), and the evidence so obtained must be suppressed.

 Like the Superior Court in *Commonwealth v. Meadows,* we are of the opinion that the contraband seized pursuant to the warrant for the premises from which Meadows was seen leaving must be suppressed. Two reasons compel this result. First, once the evidence illegally seized is removed from the affidavit supporting the Green Street search warrant, it is plain that there was not probable cause sufficient to justify the warrant's issuance. Second, the search with warrant was the fruit of a primary illegality.

14. Our holding that appellant has standing to assert the illegal seizure of contraband from Meadows is in harmony with the American Law Institute's Model Code of Pre-Arraignment Procedure § 290.1(5) (Official Draft No. 1, 1972). See generally *White & Greenspan, Standing to Object to Search and Seizure,* 118 U. Pa.L.Rev. 333 (1970).

■■ As for the first consideration, the law is settled that "the inclusion of illegally obtained evidence does not vitiate a search warrant which is otherwise validly issued upon probable cause reflected in the affidavit and based on proper sources." *United States v. Sterling,* 369 F.2d 799, 802 (3d Cir. 1966) ; See *Howell v. Cupp,* 427 F.2d 36, 38 (9th Cir. 1970) ; *Commonwealth v. Thomas,* 444 Pa. 436, 447, 282 A.2d 693, 699–700 (1971). The converse is equally well settled: if illegally obtained evidence is included in an affidavit for a search warrant,[15] it must not be considered in determining probable cause, and the affidavit must contain valid allegations—other than those prompted by official illegality—sufficient to establish probable cause. *United States v. Stoner,* 487 F.2d 651 (6th Cir. 1973) ; *United States v. Nelson,* 459 F.2d 884 (6th Cir. 1972); cf. *Commonwealth v. Meadows,* 222 Pa.Super. 202, 208, 293 A.2d 365, 368 (1972).

In this case, the only information that conceivably could have been placed in the affidavit for the search warrant was tainted as "fruit of the poisonous tree." Because no allegations independent of the primary illegality were produced, the warrant was issued without probable cause.

We also agree with the reasoning of Judge Hoffman, writing for the Superior Court in *Commonwealth v. Meadows,* that the search of the Green Street premises was the fruit of a primary illegality.

"In *Wong Sun v. United States,* supra, it was held that evidence which was come at by the exploitation of illegality rather than by means sufficiently distinguishable to be purged of taint is 'fruit of the poisonous tree' and must be suppressed. Here the time lapse between the illegal stop and frisk and the various seizures in

---

15. Probable cause for a search warrant may now be supported by sworn oral testimony. *Commonwealth v. Milliken,* 450 Pa. 310, 300 A.2d 78 (1973); Pa.R.Crim.P. 2003. However, this sworn oral testimony must be reduced to an affidavit before the issuance of a warrant. Pa.R.Crim.P. 2003(a).

the case was exceptionally short. Within thirty minutes of [Meadows' and appellant's] arrest the Green Street search warrant had been obtained, and the officers had proceeded to Green Street to conduct the search in [Meadows'] presence. The Commonwealth has shown no 'attenuation' between the illegal stop and frisk and the search of [Meadows'] residence, nor has it shown an independent origin for the evidence found in the apartment."

222 Pa.Super. at 208, 293 A.2d at 368.

This two-pronged analysis applies with equal force to the search pursuant to a warrant conducted of appellant's residence. This search occurred immediately after the search of the Green Street premises. No legally obtained evidence supported the affidavit; it thus lacked probable cause. No attenuation or independent origin having been demonstrated, this search was likewise fruit of a primary illegality. Evidence seized as a result of that search should have been suppressed.

The order of the Superior Court is reversed. The judgment of sentence of the Philadelphia Court of Common Pleas is vacated and appellant granted a new trial.

JONES, C. J., concurs in the result.

POMEROY, J., filed a concurring opinion in which EAGEN, J., joins.

POMEROY, Justice (concurring).

My review of the evidence satisfies me that the police in making their initial investigatory stop of the appellant lacked sufficient grounds to do so under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In *Terry,* the United States Supreme Court laid down this objective standard for determining when a stop is justified, even in the absence of probable cause for an arrest: ". . . would the facts available to the officer at the

moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" 392 U.S. at 21–22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906. Virtually all that Knowles did was to slouch down in the seat of his automobile as the police drove by. That is hardly sufficient to trigger a police stop. *See Commonwealth v. Boyer,* 455 Pa. 283, 314 A. 2d 317 (1974). It follows, therefore, that both the narcotics obtained from the dollar bill which the appellant abandoned on the roof of his car during the subsequent search, and the heroin seized from the apartment at 2301 Green Street, appellant's key to which was found in his car after his arrest, must be suppressed as fruit of the primary illegality. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Accordingly, I concur in the grant of a new trial.

With regard to the suppression of the contraband narcotics seized from the codefendant Meadows, and which the Superior Court held to have been illegally seized, *Commonwealth v. Meadows,* 222 Pa.Super. 202, 293 A.2d 365 (1972), the principal question is that of Knowles' standing to object. Here the majority places strong reliance on the decision of the Supreme Court of the United States in *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) in finding that the appellant had "automatic" standing to challenge that evidence. The Supreme Court in *Jones* held that where the same possession needed to establish standing to object to a search and seizure is also an essential element of the offense charged, a defendant who was present at a search and seizure of another has "automatic" standing to challenge its validity when its fruits are directed against him.

As the majority notes, *see* n. 11 and accompanying text, *supra,* the inequitable dilemma which *Jones* corrected by according standing to one who had no possessory interest was resolved in *Simmons v. United States,* 390

U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). In *Simmons*, it was held that a defendant's testimony relative to his possessory interest in the seized evidence, given to establish his standing to object to the seizure could not thereafter be used against him at trial. In the recent case of *Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973), Chief Justice Burger, speaking for a unanimous Court, stated that since *Simmons*, "[t]he self-incrimination dilemma, so central to the *Jones* decision, can no longer occur under the prevailing interpretation of the Constitution." 411 U.S. at 228, 93 S.Ct. at 1568. "Our decision in *Simmons*," said the Court at a later point, "has removed the danger of coerced self-incrimination." *Id.* at 229, 93 S.Ct. at 1569. The Court stated, however, that it was not necessary for it then to determine whether *Simmons* makes the "automatic" standing conferred by *Jones* "unnecessary", 411 U.S. at 228, 93 S.Ct. 1565, or "warrants its continued survival." *Id.* at 229, 93 S.Ct. 1565.

The clear implication of *Brown* is that when the issue is properly before it, the Supreme Court may be disposed to dispense with the concept of "automatic" standing. *See e. g., United States v. Dye*, 15 Cr.L. 2541 (6th Cir. 8/22/74). For this reason, the heavy reliance upon *Jones* is, I venture to think, of questionable wisdom.

That point aside, however, my review of the evidence convinces me that the *Jones* rule is inapplicable here, since Knowles was not charged with the possession of the heroin obtained from the illegal search of Meadows, his co-defendant, but that obtained as a result of the search of the appellant himself and an apartment over which he apparently exercised control. The indictment charged that "on or about May 18, 1970, in Philadelphia County, Deramus Knowles feloniously had in his possession and under his control a certain narcotic drug: Heroin and Cocaine." As the Commonwealth in its brief admits, there was simply no direct evidence which would support

an inference that Knowles possessed and controlled the heroin seized from Meadows.

In *Simmons, supra,* the Supreme Court explained its decision in *Jones* thusly: ". . . we held that when, as in *Jones,* possession of the seized evidence is itself an essential element of the offense with which the defendant is charged, the Government is precluded from denying that the defendant has the requisite possessory interest to challenge the admission of the evidence." 390 U.S. at 390, 88 S.Ct. at 974, 19 L.Ed.2d at 1256–1257. Since the offense charged in the case at bar did not involve the possession of the drugs seized from Meadows, the appellant would have no automatic standing under *Jones.* And since at the suppression hearing, at which he did not testify, Knowles failed to establish any proprietary interest in the drugs seized from Meadows or any interest in the place of seizure (the public highway), he is precluded from objecting to the evidence seized from Meadows. *Brown v. United States,* 411 U.S. 223, 93 S. Ct. 1565, 36 L.Ed.2d 208 (1973); *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

EAGEN, J., joins in this concurring opinion.