387 A.2d 657

**COMMONWEALTH of Pennsylvania**

v.

**James Henry TURNER, Appellant (two cases).**

Supreme Court of Pennsylvania.

Argued April 10, 1978.

Decided June 2, 1978.

Herbert L. Olivieri, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., James Garrett, Asst. Dist. Attys., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and LARSEN, JJ.

## OPINION

LARSEN, Justice.

Appellant was tried by a jury and found guilty of first degree murder, robbery and conspiracy. Following the denial of post-trial motions, appellant was sentenced to life imprisonment. In his appeal to this Court, appellant raises two issues, both of which are without merit.

■ Appellant's first contention is that his case should have been dismissed under Pa.R.Crim.P. 1100(a)(1) because he was not tried within the mandatory 270 days of the filing of the complaint against him.[1] Appellant admits that on the 270th day, the case was called for trial, a panel of jurors sworn and the voir dire examination begun. However, appellant argues that because there was an insufficient number of jurors for the *complete* voir dire examination process on that day, the trial should not be deemed to have

1. Since the complaint was on May 6, 1974, the 270 day rule is applicable instead of the present 180 day rule.

commenced on that day (270th day). We hold that the trial commenced on the 270th day and the fact that there was not a sufficient number of jurors available for the whole voir dire process is of no consequence.

Appellant's second contention is that statements made by appellant's co-defendant, which, in themselves, were factually sufficient to establish the probable cause that was necessary to arrest appellant, should not have been used to establish said probable cause because subsequent to appellant's arrest, these statements were suppressed at the co-defendant's trial.[2]  Probable cause may be based on illegally obtained evidence;  thus, the fact that the co-defendant's statements were subsequently suppressed at the co-defendant's trial is of no consequence to the issue of whether said statements provided sufficient probable cause to arrest appellant.  It would create chaos to have law enforcement officials guessing whether some court in the future will suppress factually reliable statements.

The judgments of sentence are affirmed.

MANDERINO, J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed a concurring opinion.

EAGEN, C. J., and POMEROY and NIX, JJ., concurred in the result.

ROBERTS, Justice, concurring.

I concur in the judgment.

Appellant filed motions to suppress evidence, which were denied.  Later, he learned that certain statements of his codefendant had been suppressed at another suppression hearing.  Pursuant to Pa.R.Crim.Pro. 323, appellant requested that the suppression court grant a new hearing because his arrest and subsequent inculpatory statement were al-

2.  Appellant's argument then extends to:  if the co-defendant's statements could not oe used to establish the probable cause that was necessary to arrest appellant, appellant's arrest was illegal;  hence, all that followed appellant's arrest was tainted;  therefore, appellant should be released.

legedly products of the codefendant's statement, the illegality of which appellant could not know until after his original suppression hearing. Appellant asserts that the suppression court erred in denying his request. Of course, if probable cause to arrest appellant had rested on illegally obtained evidence, appellant's arrest would have been unlawful. *Commonwealth v. Knowles,* 459 Pa. 70, 327 A.2d 19 (1974) (citing cases). The suppression court did not err because evidence independent of the codefendant's statements existed to justify appellant's arrest. See *Commonwealth v. Culmer,* 463 Pa. 189, 344 A.2d 487 (1975).

Appellant also asserts that his trial did not begin within the time prescribed by Pa.R.Crim.Pro. 1100. Appellant did not raise this issue, however, on post-verdict motions, and it therefore is not preserved for appellate review. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).

Finally, although appellant has not challenged the sufficiency of the evidence to support the verdict of guilty of murder of the first degree, this Court has an independent obligation to examine the evidence for sufficiency. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964); *Commonwealth v. Hughes,* 477 Pa. 180, 383 A.2d 882 (1978). I am satisfied that the evidence, including appellant's statement to the police and the testimony of two witnesses, was sufficient to support the verdict.