364 A.2d 374

COMMONWEALTH of Pennsylvania

v.

Leroy GRIFFITH, Appellant.

Superior Court of Pennsylvania.

Sept. 27, 1976.

Patrick E. Dougherty, Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., Dist. Atty., Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge;

On February 19, 1975, appellant was convicted on two indictments, each charging him with issuing or passing a bad check in violation of the Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 C.P.S.A. § 4105. On May 15, motions for a new trial and in arrest of judgment were denied. On June 12, appellant was sentenced to pay costs, to make restitution to the payees of the checks, and to serve two years probation. On appeal, appellant contends that the evidence was not sufficient to sustain his convictions in that the Commonwealth did not prove that he knew that the checks would be dishonored, *i. e.*, that he possessed the requisite intent.

■ Section 4105 provides:

(a) *Offense defined.*—A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

(b) *Presumption.*—For the purposes of this section as well as in any prosecution for theft committed by means of a bad check, an issuer is presumed to know that the check or order (other than a post-dated check or order) would not be paid, if:

(1) the issuer had no account with the drawee at the time the check or order was issued; or

(2) payment was refused by the drawee for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within ten days after receiving notice of that refusal.

In determining the sufficiency of the evidence to sustain a conviction under this section, we must regard it in the light most favorable to the Commonwealth, giving the Commonwealth the benefit of all reasonable inferences arising from it. *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975). Applying this standard, we hold that the evidence is sufficient to sustain the conviction on Indictment No. 2464, but insufficient to sustain the conviction on Indictment No. 2465.

I

■ The evidence regarding Indictment No. 2464 is as follows. On August 16, 1975, appellant, president of the now-bankrupt C. G. Grant Construction Corp., issued a check in the amount of $489.09 to Steiner Service Station in payment for gasoline and oil. Robert Steiner, the proprietor of the station, deposited the check in his bank account the same day. When the bank notified Steiner that the check was bad, he telephoned and wrote to appellant, who told him to present the check again.

Steiner did, and his bank returned the check stamped "Presented twice. Do not redeposit." Steiner notified appellant again. Appellant said he would make the check good, but he never did.

Proof of these facts was sufficient under subparagraph (b)(2) of Section 4105, 18 C.P.S.A. § 4105 *supra*. That is, Steiner presented the check "within 30 days after issue;" "payment was refused by the drawee for lack of funds;" appellant, the issuer, "receiv[ed] notice of that refusal"; but he "failed to make good within ten days."

The judgment of the lower court on Indictment No. 2464 is affirmed.

## II

The evidence regarding Indictment No. 2465 is as follows. On July 15, 1974, appellant wrote a check in the amount of $824.20 to James Donahue for back pay; Donahue was handed the check in appellant's office and was asked to endorse it. After Donahue had endorsed the check, appellant took it back, allegedly to hold it until his company received certain monies from the Redevelopment Authority.

On approximately August 20, 1974, Donahue's brother picked the check up at the offices of the Redevelopment Authority and deposited it in Donahue's bank account. On August 27, payment was refused for lack of funds. Donahue tried to notify appellant by telephone several times, but never spoke to appellant, although he did speak to appellant's wife. Donahue never notified appellant by mail.

The intent to pass a bad check cannot be presumed here as it was for Steiner's check. The evidence was insufficient to show that appellant as the issuer received notice of the failure of the check, so Section 4105 (b)(2) does not apply. The evidence of notification of appellant's wife will not suffice. The statute requires

proof of notice to "the issuer," and as a penal statute it must be strictly construed. *See Commonwealth v. Kelison,* 199 Pa.Super. 135, 184 A.2d 374 (1962); *Commonwealth v. Rush and Harnett,* 78 Pa.Super. 404 (1922). Nor did the Commonwealth prove the element of intent by direct evidence. Appellant's bank statements show that there were sufficient funds to cover the check on July 15, the day it was written. There is no evidence that appellant knew when the check was released to Donahue by the Redevelopment Authority, nor is there any evidence of the state of appellant's bank account on August 20, the approximate day of the release.

The judgment of the lower court on Indictment No. 2465 is reversed.

The judgment of the lower court on Indictment No. 2464 is affirmed.

PRICE, J., concurs in the result.