468 A.2d 1131

**COMMONWEALTH of Pennsylvania**

**v.**

**Albert FRANK, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 19, 1982.

Filed Dec. 16, 1983.

Petition for Allowance of Appeal Denied April 3, 1984.

Kingsley A. Jarvis, Norristown, for appellant.

Joseph Hylan, Assistant District Attorney, Norristown, for Com., appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

JOHNSON, Judge:

Appellant Albert Frank was convicted in a non-jury trial of knowingly issuing a bad check in violation of 18 Pa.C. S.A. § 4105. That section provides:

(a) **Offenses defined.**—A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

(b) **Presumption.**—For the purposes of this section as well as in any prosecution for theft committed by means of a bad check, an issuer is presumed to know that the check or order (other than a post-dated check or order) would not be paid, if:

(1) the issuer had no account with the drawee at the time the check or order was issued; or

(2) payment was refused by the drawee for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within ten days after receiving notice of that refusal.

(c) **Grading.**—An offense under this section is a misdemeanor of the second degree if the amount of the check or order exceeds $200; otherwise it is a summary offense.

Post-trial motions were dismissed and appellant was sentenced to two years probation. He here appeals from the judgment of sentence. We reverse.

On June 3, 1980, Perma Metals provided appellant's business, Afco Steel Company, with a shipment of steel. On July 11, 1980 appellant issued a check in the amount of $5,185.44 to Perma Metals for the June 3rd shipment. Perma Metals deposited the check and it was returned marked "Insufficient Funds." Perma Metals notified appellant who advised it to redeposit the check. The check was again not honored and was returned a second time marked "Do Not Present Again."

At trial the custodian of the bank records testified that on July 11, 1980, the Afco account had a balance of $1,258.66 and that after that date the balance was never as high as

$5,185.44. The account was closed out on September 4, 1980. On cross-examination, the bank representative testified regarding a check that had been "misrouted" from the Afco account on July 14, 1980. That check was in the amount of $5,185.44. Such check was apparently credited to another account and a credit adjustment to the Afco account was not made until September 12, 1980.

Appellant testified that, while he was advised that the check to Perma Metals bounced and admittedly he did not make good on the check within ten days of so being informed, at the time he issued the check he had reason to believe that sufficient funds were present to cover it. He testified as to the financing arrangement that existed with his bank. The bank would hold certain Afco receivables and then advance a certain percent of the value of the receivables. Appellant claimed that the "misrouted" check represented such an advance pursuant to the financing arrangement. Appellant therefore believed that the check to Perma Metals would be honored. He introduced into evidence a letter from the bank evidencing the arrangement. The bank's record custodian was unfamiliar with the arrangement.

Additionally, he contended that on July 11, 1980 he was unaware that a $7,061.27 check made out to Afco, as payee, had bounced. Looking to the bank records introduced, including the notice to appellant dated July 18, 1980, we find support for such contention. The bank statements indicate that a check in the amount of $7,061.27 was returned to Afco's bank because of insufficient funds.[1]

On appeal, Appellant argues that in light of the above circumstances, the Commonwealth failed to prove the necessary elements of the crime beyond a reasonable doubt. We agree.[2]

---

**1.** The return entries indicate an amount of $7,062.27. The July 18, 1980 notice indicates that a one-dollar service charge was tacked on and debited from Afco's account.

**2.** Appellant also challenges the trial court's reliance upon the presumption contained in § 4105(b) and the constitutionality of such

10

■ In reviewing appellant's claim we must keep in mind that:

> The test to be applied by our Court in appraising the sufficiency of the evidence is a two step inquiry. First, we must regard all the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could have based the verdict and then we must ask whether that evidence, along with all reasonable inferences to be drawn therefrom, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Anderson,* 265 Pa.Superior Ct. 494, 402 A.2d 546 (1979); *Commonwealth v. Eddington,* 255 Pa.Superior Ct. 25, 386 A.2d 117 (1978); *Commonwealth v. Luther,* 266 Pa.Superior Ct. 240, 403 A.2d 1329 (1979).

*Commonwealth v. Volk,* 298 Pa.Super. 294, 300, 444 A.2d 1182, 1184 (1982); see also *Commonwealth v. Griffith,* 242 Pa.Super. 484, 364 A.2d 374 (1976). Since in the current case appellant admits to the facts that, he issued the check and it was not honored, and that he failed to make good on it after being advised that it had bounced, the only issue to be resolved was whether appellant knew at the time of issuance that the account was without sufficient funds. Appellant need not have intended to defraud, but need only have had knowledge of the lack of funds. See *Commonwealth v. Mutnik,* 486 Pa. 428, 406 A.2d 516 (1979).

■ The trial court did not address the circumstances raised in defense by appellant, but instead relied upon § 4105(b), as did the prosecution, to presume knowledge on appellant's part that the check would not be paid. Yet, during trial, the court itself realized that a person, who deposits a check and draws against such check prior to that check clearing the drawee bank, could be excused from criminal liability for writing a bad check if the check deposited did not clear. (N.T. pp. 41–42). Unfortunately, the trial judge did not adhere to his own understanding.

presumption. Having found that the judgment must be vacated due to insufficient evidence, we need not address these other issues.

The bank representative, called by the prosecution, testified regarding the "misrouted" check. A bank document introduced by the defendant supported such testimony. The representative discussed the check payable to appellant which was not honored; exhibits entered by both sides confirmed such. The trial judge may have been within his authority in not accepting appellant's testimony regarding the financial arrangement with the bank, see *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975). However, appellant introduced a document from the bank setting forth the arrangement. In light of such document and the "misrouted" check and the bounced check, a reasonable doubt arose as to appellant's knowledge at the time of issuance. Of course from the record we might infer that appellant should have known that the check dishonored on July 18 would be dishonored as it appears to have been returned before. Similarly, a degree of uncertainty surrounds the "misrouted" check. However, appellant's guilt must be demonstrated beyond a reasonable doubt and it was not.

Judgment of sentence reversed and appellant is discharged.