476 A.2d 458

**COMMONWEALTH of Pennsylvania**

v.

**Christopher BALCH, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Gary Lee ALGEO, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 15, 1983.

Filed April 27, 1984.

Reargument Denied June 25, 1984.

72

Douglas M. Johnson, Public Defender, Norristown, for appellant (No. 1219).

Gerald Thomas Gervasi, Merion, for appellant (No. 1484).

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, President Judge, and CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellants Christopher J. Balch and Gary Lee Algeo along with Stephen J. Rotondo were arrested April 14, 1981 and charged with burglary (18 Pa.C.S. § 3502), theft of movable property (18 Pa.C.S. § 3921), criminal conspiracy (18 Pa.C.S. § 903) and receiving stolen property (18 Pa.C.S. § 3925). The facts in this case were summarized by the trial court in the following manner:

"On April 14, 1981, a burglary occurred at the Rosen residence at 1139 Norsham Road, Gladwynne, Lower Merion Township, Montgomery County. Taken were a pillowcase from one of the bedrooms and silverware. The Rosens were away at the time, visiting friends in Michigan. Prior to their departure, they had made arrangements with Billy Crockett, a young neighbor lad, to check their premises and take care of their pet while they were away. At about 7:30 p.m., on the evening of the burglary, Billy's father, William G. Crockett, testified that a young man who identified himself as "Tony DiNardo", later positively identified by Mr. Crockett as the defendant Algeo, knocked on the front door of his home and asked to use the telephone to call a tow truck. Upon accompanying this young man outside, Mr. Crockett noticed a car mired in the mud off the driveway of the Rosens' residence. He testified that there were two other young men at the car and while he could not identify them facially, he described the clothing each was wearing. One of them was wearing a short-sleeved brown shirt and brown pants. This matched the clothing worn by the defendant Balch later that evening at the time of the defendant's arrest at approximately 10 p.m. When arrested, the defendants were in the same maroon-over-white Chevelle which had been towed from the Rosen driveway and lawn earlier. The search of the vehicle netted the stolen pillow case and silverware.

As we noted, at approximately 10 p.m., Narberth Patrolman Thomas Trolley was patrolling on Montgomery Avenue in Narberth. As he approached the Great Ameri-

can Pizza Parlor and Arcade, he noticed the defendants Balch and Algeo and another young man, a juvenile, Billy Carlin, walk out and get into the maroon-over-white Chevelle. He knew all of them to be under 21. He saw Algeo carrying a bottle of beer and Billy Carlin carrying a milkshake type container which he suspected contained beer. Trolley confronted the three as they sat in the car. Billy Carlin and the defendant Balch were in the back seat and Algeo was seated in the front seat on the passenger side. [Suppression Hearing. N.T. 22]. Officer Trolley asked them for the beer and at first they denied having any. He then asked them to exit the car which they did and at the time the bottle of beer and the milkshake carton which contained beer were turned over to him. Officer Trolley then entered the vehicle to search for more beer. Upon lifting a green Army fatigue jacket on the front seat, he noticed the pillowcase containing the silverware.[1] He inquired where the silverware had come from and received no response. At this point, Steven J. Rotondo emerged from the Pizza Parlor and identified himself as the owner of the car. When asked about the silverware, Rotondo said that his mother had given it to him to pawn. Officer Trolley then reported all this information to his patrol supervisor and was instructed to hold the individuals as burglary suspects. The Lower Merion Police then brought Mr. Crockett to the scene of the arrest and he positively identified the defendant Algeo. He was also able to identify the short-sleeved brown shirt and brown pants worn by the defendant Balch." (Opinion, June 7, 1982, at 2–4.)

Motions to suppress the pillowcase and silverware seized by the police from Mr. Rotondo's car were presented to the trial court on September 29, 1981 on behalf of the Appellants and also on behalf of Stephen J. Rotondo. On September 30, 1981, following a suppression hearing, the trial court found that the Appellants were mere passengers in Roton-

1. Officer Trolley testified "that after he picked up the Army fatigue jacket, silverware was visible inside the pillowcase." (N.T., September 29, 1981, at 10).

do's car and thus did not have standing to contest the search.

Since Mr. Rotondo owned the car, the court below found that he had standing and further, that his Fourth Amendment rights were violated by Officer Trolley's warrantless entry into the car. The pillowcase and silverware were suppressed by the trial court in Rotondo's case, but motions to suppress filed on behalf of the Appellants were denied.

On September 30, 1981 a non-jury trial for the Appellants was held following the trial court's ruling on the suppression hearing. At the conclusion of the trial, the Appellants were convicted of burglary and criminal conspiracy. They were sentenced on April 19, 1982. Appellant Balch received a sentence of imprisonment for a period of time of not less than six months nor more than 23 months on the burglary conviction and five years probation on the conspiracy conviction. Appellant Algeo received concurrent sentences of five years probation on each count.

Both Appellants argue on appeal that they have standing to challenge the warrantless search and that the search itself violated their rights under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. Appellant Balch also argues that his identification by William Crockett, a Commonwealth witness, was impermissibly suggestive. Appellant Balch's identification argument must fail, however, because we agree with the trial court that no identification was made by Crockett as to Balch. As the trial court indicated "Mr. Crockett's testimony respecting the clothing was simply an additional piece of circumstantial evidence which served to link Balch with the scene of the crime." (Opinion, 6/7/82, at 8).

■ Additionally Appellant Balch contends that there is insufficient evidence to support a finding of guilt beyond a reasonable doubt. The sufficiency argument of Appellant Balch is set forth in his brief at 15 following the identification of issues V, VI, and VII as:

"V. The verdict was contrary to the evidence

VI. The verdict was against the law

VII. The verdict was contrary to the weight of the evidence"

No argument is contained in the brief in support of the aforementioned identified issues and, therefore, these issues are deemed waived. *Trustees of First Presbyterian Church of Pittsburgh v. Oliver-Tyrone Corp.*, 248 Pa.Super. 470, 472 n. 1, 375 A.2d 193, 194 n. 1 (1977).

This court recently discussed the test for appraising the sufficiency of the evidence in *Commonwealth v. Frank*, 322 Pa.Super. 6, 468 A.2d 1131 (1983).

The test to be applied by our Court in appraising the sufficiency of the evidence is a two step inquiry. First, we must regard all the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could have based the verdict and then we must ask whether that evidence, along with all reasonable inferences to be drawn therefrom, was sufficient to prove guilt beyond a reasonable doubt. (citations omitted).

*Id.*, 322 Pa.Superior Ct. at 10, 468 A.2d at 1133.

In applying this test to the instant case we must regard *all* the evidence. We cannot, as Appellant Balch suggests, diminish the evidence by excising from our consideration, the evidence of record which Appellant asserts should be suppressed. Careful consideration of all the evidence in the light most favorable to the Commonwealth compels us to conclude that Appellant's sufficiency argument is without merit.

In the very recent supreme court decision of *Commonwealth v. Sell*, 504 Pa. 46, 470 A.2d 457 (1983) Justice (now Chief Justice) Nix, held that when a police search is challenged under Article I, Section 8 of the Pennsylvania Constitution, "a person charged with a possessory offense must be accorded 'automatic standing.'" *Id.*, 504 Pa. at 48, 470 A.2d 457.

Chief Justice Nix's opinion presents a comprehensive review of the development of the concept of standing under the Fourth Amendment as well as under the Pennsylvania Constitution. The opinion cites the decision of *Jones v. U.S.*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) as representing "the high-water mark of access in the context of capacity to challenge an asserted Fourth Amendment violation." *Sell, supra,* at 11. Under *Jones* defendants enjoyed "automatic standing" if charged with possessory offenses.

Three U.S. Supreme Court decisions authored by Justice Rehnquist subsequent to the *Jones* decision have considerably reduced the protection afforded to defendants under the Fourth Amendment.[2] The *Sell* decision summarizes the current position of the U.S. Supreme Court in the following way:

> "Thus after *Rakas, Salvucci,* and *Rawlings* the ability to prove a "legitimate expectation of privacy" by the "totality of the circumstances" is the sole determinant of the scope of protection afforded under the Fourth Amendment to the United States Constitution. The United States Supreme Court has chosen to limit the availability of relief by significantly narrowing the substantive scope of the protection provided by the Fourth Amendment."

*Id.,* 504 Pa. at 62, 470 A.2d 457.

The court's discussion in *Sell* of Article I, Section 8 of the Pennsylvania Constitution emphasized that individual states have the power to provide greater protection to criminal defendants than is afforded to them under the Fourth Amendment. One of the cases cited for providing this extra protection to criminal defendants was *Commonwealth v. DeJohn*, 486 Pa. 32, 403 A.2d 1283 (1979), *cert. denied* 444 U.S. 1032, 100 S.Ct. 704, 62 L.Ed.2d 668 (1980). In *DeJohn* the Pennsylvania Supreme court refused to

2. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *U.S. v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980) and *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).

adopt the holding of the United States Supreme Court in *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). *DeJohn* held that an individual had standing to challenge the admissibility of his own bank records which had been seized by the police.

■ The Pennsylvania Supreme Court in *Commonwealth v. Knowles*, 459 Pa. 70, 327 A.2d 19 (1974) and *Commonwealth v. Treftz*, 465 Pa. 614, 351 A.2d 265 (1976) adopted the *Jones* rationale on the standing question. Subsequent decisions by the Pennsylvania Supreme Court have not disturbed these holdings. *But cf., Commonwealth v. Layman*, 290 Pa.Super. 384, 434 A.2d 735 (1981). (In *Layman*, this court found that the *Treftz* decision was no longer controlling in light of the U.S. Supreme Court decisions in *Rawlings* and *Rakas*.) Since the Appellants in the instant case were charged with possessory offenses (i.e. theft of movable property and receiving stolen property), we hold that under *Sell* they enjoy automatic standing to challenge Officer Trolley's search.

Having determined that the Appellants are entitled to standing to maintain a motion to suppress, we reverse the trial court's April 19, 1982 Judgment of Sentence and remand for consideration of the merits of the Appellants' suppression motion. If the trial court concludes that the evidence should not be suppressed, Appellants should be granted a new trial. If the trial court concludes that the evidence should not be suppressed, it should reinstate the judgment of sentence.

Jurisdiction is relinquished.

CIRILLO, J., files a concurring statement.

CIRILLO, Judge, concurring:

I join in the majority opinion except insofar as it addresses the sufficiency of the evidence in appellant Balch's case. This issue was not raised in post-trial motions, and therefore should be considered waived for purposes of appellate

review. *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979).