605 A.2d 1276

**COMMONWEALTH of Pennsylvania**

v.

**Theodore CHASE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1992.

Filed April 23, 1992.

Martin P. Dorminy, Asst. Public Defender, Reading, for appellant.

Carolyn Lanzillo, Asst. Dist. Atty., Reading, for Com., appellee.

Before DEL SOLE, HUDOCK and HOFFMAN, JJ.

DEL SOLE, Judge:

Appellant, Theodore Chase, was convicted, after an appeal *de novo* to the Court of Common Pleas of Berks County, of the summary offense of writing a bad check. The amount of the check was $316.17 issued to Boot's Pet Shop in payment for a cocker spaniel puppy, cage, dishes, and dog toys. He was ordered by the district court to pay restitution in the amount of the check, and fined $50.00.

On appeal, Mr. Chase claims there was insufficient evidence to support his conviction. 18 Pa.C.S.A. § 4105 is the applicable rule of law, and states in pertinent part:

Section 4105. Bad Checks

(a) Offense defined—A person commits an offense if he issues or passes a check or similar sight order for the payment of money, knowing that it will not be honored by the drawee.

(b) Presumption—For the purposes of this section as well as in any prosecution for theft committed by means of a bad check, an issuer is presumed to know that the check or order (other than a post-dated check or order) would not be paid, if:

(1) the issuer had no account with the drawee at the time the check or order was issued: or

(2) payment was refused by the drawee for lack of funds, upon presentation within 30 days after issue, and the issuer failed to make good within ten days after receiving notice of that refusal.

■ Appellant first claims that the Commonwealth failed to prove that he had actual notice of the bank's dishonor of his check, and therefore the evidence was insufficient not only to convict, but also to support the statutory presumption that he intended to pass a bad check. Although notice is not defined in this section, or anywhere in the crimes code, our case law holds, "that the statute requires proof of notice 'to the issuer' and as a penal statute must be strictly construed." *Commonwealth v. Griffith*, 242 Pa.Super. 484, 364 A.2d 374 (1976). Accordingly, in *Griffith*, notice to

the defendant's wife of a check's dishonor was insufficient notice, especially because on the day it was drawn there were sufficient funds in the account to cover the check, and because the recipient of the check knew that the check would be held by the defendant for a period until his company received certain payments. *Id.*, 242 Pa.Superior Ct. at 487–488, 364 A.2d at 376. However, in the same case concerning another dishonored check, it was held that mailed notice, along with a telephone call to Appellant concerning the dishonored check, and Appellant's promise to resubmit the check which was again dishonored, was considered sufficient evidence of actual notice. *Id.*

Similarly, it was held in *Commonwealth v. Kane,* 460 Pa. 582, 333 A.2d 925 (1975), (concerning the sufficiency of the evidence to establish the elements of the crime of driving while operating privileges were suspended, and specifically the sufficiency of the evidence that Appellant had notice of the suspension of his driver's license,) that a letter mailed to Appellant by the Bureau of Traffic Safety was insufficient to establish notice, especially when Appellant's address was different in different places in the official records, and there was no certified or registered mail receipt from the appellant.

In *Commonwealth v. Martin,* 346 Pa.Super. 129, 499 A.2d 344 (1985), it was held that defendant had insufficient notice of his license suspension, when the only evidence of the notice was a letter mailed to the defendant, while in *Commonwealth v. Burkett,* 300 Pa.Super. 72, 445 A.2d 1304 (1982), it was held that the defendant had actual notice of his license suspension as shown by records from the Bureau of Traffic Safety indicating the Bureau had sent the defendant a letter, the defendant's guilty behavior in removing himself from the driver's seat when the officer approached, and by having mailed his license back to the Bureau. In general, our case law shows that the mere mailing of letter without more, does not provide adequate notice in a summary criminal prosecution. However, if the defendant's conduct indicates that notification has been

received, i.e., mailing back a license, (*Burkett*), or resubmitting a check in response to a notification of its dishonor, (*Griffith*), then actual notice will most probably be found.

In the instant case the record reveals that the bank never mailed Appellant notification of the dishonor of his check. The pet store owner testified that she wrote to Appellant at the address indicated on the check, and also telephoned Appellant at the number he gave her, several times, leaving messages on his answering machine. Further, she sent messages concerning the bounced check to Appellant through a mutual friend. However, the record does not reveal whether the address or the telephone number were correct, nor does it reveal that the Appellant behaved in a way which would indicate he had received notice. As the proof of notice to the issuer must be strictly construed, we can not find on the record before us that Appellant had notice that payment on his check was refused.

Because we find that we cannot take advantage of the statutory presumption of Appellant's intent to pass a bad check, and because we also find that the Commonwealth did not prove the element of intent by direct evidence, we hold that there was insufficient evidence to prove the requisite *mens rea* for this crime. Consequently, we are constrained to hold that there was insufficient evidence to prove the element of notice. *Griffith, supra,* 242 Pa.Superior Ct. at 487–488, 364 A.2d at 376.

█ Furthermore, the evidence proving that the check was presented to the bank within 30 days after issue and payment was refused for lack of funds, was seriously flawed. *See,* 18 Pa.C.S.A. § 4105(b)(2). The trial court sustained Appellant's objections to the admission of the bank records, on the basis that the Commonwealth did not comply with the evidentiary requirements for admission of business records, and because the "best evidence" rule was violated. Consequently, the only exhibit admitted was the check itself which was returned to the pet store owner stamped "uncollected funds". Because it is not entirely clear what "uncollected funds" means, and because the records of the bank were ruled inadmissible, we also find

that the Commonwealth failed to prove that the bank refused payment on the check within 30 days. Because of this failure, we find that we again can not rely on the statutory presumption of intent.

Accordingly, we reverse the judgment of sentence of the trial court and dismiss the charge on the basis that there was insufficient evidence to prove that Appellant was guilty beyond a reasonable doubt of passing a bad check. Jurisdiction is relinquished.