891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth L. DAVIS, Defendant-Appellant.
 No. 89-5274.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 
 Before BOYCE F. MARTIN, Jr., and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Kenneth L. Davis appeals his jury conviction at Jackson, Tennessee for conspiracy to possess marijuana with intent to distribute. We affirm.
 
 
 2
 Prior to 1983, Davis and others, notably Mike Harris and Jeff Bowman, began to grow and distribute marijuana in Western Tennessee. To supplement their crop, Harris contacted a source of Mexican marijuana in Houston, Texas and paid others to transport it to Tennessee. Initially, Davis transported some of the marijuana from Houston to Tennessee but later let others do it. Over a dozen persons participated in the Harris organization's transportation, farming, and distribution of marijuana until early 1987. Davis personally distributed, in addition to large amounts of Tennessee-grown marijuana, approximately 1,000 pounds of Mexican marijuana. Davis distributed marijuana to, among others, Robert King and Scott Kail. Late in 1986, Davis and Harris had a falling out and Davis thereafter did not participate in the marijuana venture. In January 1987, Harris was arrested in New Mexico on a trip to purchase Mexican marijuana.
 
 
 3
 On September 29, 1988, Davis and other members of Harris's organization were indicted by a Federal Grand Jury in the Western District of Tennessee at Jackson for conspiring with others to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846 and the distribution of controlled substances in violation of 21 U.S.C. § 841.
 
 
 4
 On December 12, 1988, Davis's trial began. The other defendants had previously entered guilty pleas to counts in the indictment. At trial, Harris testified about his marijuana organization, about Davis's involvement in it, and about the amount of marijuana personally distributed by Davis. Harris also stated that he pled guilty to various crimes and was testifying as part of an agreement designed to get him a lower sentence. King and his wife testified that King purchased marijuana from Davis. Bowman testified, pursuant to a plea agreement, about the Harris organization and Davis's involvement in the organization. Other co-conspirators testified pursuant to plea agreements. One non-co-conspirator, Mona Wooley, testified that she observed Davis smoking marijuana on many occasions and that he told her that he intended to make $100,000 from selling narcotics in 1988. During their deliberations, the jury requested a copy of the transcript of the trial to help them clarify dates and testimony relating to certain counts. The court denied this request because it was a general request. Later, the jury requested transcripts of the testimony of Kail and Darren Foust. Because this was a specific request, the court re-read transcripts of those witnesses' testimony to the jury. On December 15, 1988, the jury found Davis guilty on counts one through six in the indictment. On February 15, 1989, he was sentenced to a custodial term of eight years.
 
 
 5
 The defendant contends that the evidence was insufficient for the jury to find that he was a member of a conspiracy and that the evidence was insufficient for a rational jury to determine his guilt beyond a reasonable doubt. He claims that no credible evidence was introduced by the government. He states that there is no physical evidence against him and that each of the government's witnesses to the conspiracy testified pursuant to a plea agreement. He argues that such evidence is not substantial or competent to sustain a conviction, and a jury that convicts based on such evidence is not rational; therefore, the verdict must be overturned. Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). Secondly, the defendant claims that the district court erred in re-reading certain portions of the transcript to the jury during their deliberations. Davis claims that allowing the jury to concentrate on the testimony of two specific witnesses violated his fifth amendment due process rights to a fair trial and full consideration of all the evidence presented and was unfair and prejudicial without having the benefit of a reading of the transcripts of the direct and cross-examinations of the other witnesses who testified during the trial. Davis claims that the judge should have told the jury to rely on their collective memories. Finally, Davis argues that the district court erred by allowing the government to introduce evidence of marijuana distribution in excess of the amounts charged in the indictment. Davis claims that this evidence was prejudicial to his case.
 
 
 6
 On sufficiency challenges, evidence is to be viewed most favorably to the government. Glasser v. United States, 315 U.S. 60 (1942). The evidence shows that Davis was a member of the conspiracy. Accomplice testimony is sufficient to sustain a conviction. United States v. Mims, 812 F.2d 1068 (8th Cir.1987); United States v. Ailstock, 546 F.2d 1285 (6th Cir.1976); United States v. Johnson, 454 F.2d 700 (9th Cir.1972). While testimony of an accomplice or co-conspirator already convicted by a guilty plea may not be the most pristine evidence, it is sufficient to sustain the conviction of an accused. The jury had the opportunity and the duty to assess credibility of all such witnesses, and here, the co-conspirator's testimony is corroborated by witnesses who were not members of the conspiracy, including Mona Wooley and King's wife.
 
 
 7
 The district court did not abuse its discretion by reading portions of the transcript to the jury. United States v. Licavoli, 725 F.2d 1040, 1049 (6th Cir.1984). We note that reading portions of the transcript to the jury ensures accurate and fair deliberations by the jury and enhances the likelihood of a just result in a given case. Finally, the introduction of evidence that a member of a drug conspiracy handled more drugs than charged in the indictment seems inevitable when a fellow member of the conspiracy testifies against the defendant. This evidence is relevant to show that there was actually a criminal enterprise instead of a few small-time transactions involving the same participants. Here, this evidence was not unfairly prejudicial.
 
 
 8
 We affirm Davis's jury conviction.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Court Judge for the Eastern District of Michigan, sitting by designation