99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth L. DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5568.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1996.
 
 1
 Before: NELSON and NORRIS, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 2
 Kenneth L. Davis appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1988, a jury convicted Davis of one count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and five counts of aiding and abetting the distribution of controlled substances in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. The district court sentenced Davis to eight years of imprisonment and a three year special parole term on the conspiracy count and concurrent five year terms of imprisonment and three year special parole terms on each of the remaining counts. On appeal, this court affirmed his conviction and sentence. United States v. Davis, No. 89-5274, 1989 WL 149937 (6th Cir. Dec. 12, 1989) (unpublished per curiam).
 
 
 4
 In 1996, Davis filed a motion to vacate sentence, alleging that: 1) his sentence on the conspiracy count exceeded the statutory maximum; 2) his multiple sentences violated the Double Jeopardy Clause; and 3) his term of imprisonment had expired. The district court concluded that Davis could not be sentenced to a special parole term on the conspiracy conviction under 21 U.S.C. § 846 and the court vacated the special parole term for this conviction. However, the court noted that Davis must still serve the three year special parole term imposed on the distribution convictions under 21 U.S.C. § 841. The court also determined that Davis's remaining claims were without merit. Davis has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Davis's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 We initially note that Davis only raises on appeal the first claim presented in his motion to vacate sentence. Consequently, his remaining claims are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). Davis also argues for the first time on appeal that the district court improperly calculated the amount of marijuana used in determining his sentence. Since Davis did not raise this claim in the district court, this court will not consider it in the first instance on appeal. Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994).
 
 
 7
 Davis is barred from seeking relief on his remaining claim because he did not raise it in his direct criminal appeal. A claim that could have been but was not raised on direct appeal may not be reviewed under § 2255 unless Davis demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Davis has not argued cause for failing to raise his claim in his direct criminal appeal. Further, he suffered no prejudice because Davis's argument that his sentence on the conspiracy count exceeded the statutory maximum is without merit.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation